

1  Barry A. Bradley, Esq., State Bar No. 125353
   bbradley@bglawyers.com
2  Carol A. Humiston, Esq., State Bar No. 115592
   chumiston@bglawyers.com
3  BRADLEY & GMELICH
   700 North Brand Boulevard, 10th Floor
4  Glendale, California 91203-1422
   Telephone: (818) 243-5200
5  Facsimile: (818) 243-5266

6  Attorneys for Defendant, PARAGON SYSTEMS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE STONE, <br><br> Plaintiff, <br><br> vs. <br><br> PARAGON SYSTEMS, INC., dba PARASYS, INC., a Virginia corporation and DOES 1-10, <br><br> Defendant. | Case No. 2:15-cv-07715 <br><br> Los Angeles Superior Court Case No. BC592832 <br><br> **DEFENDANT PARAGON SYSTEM INC,'S ANSWER TO COMPLAINT** |

Pursuant to Rule 8(b), Federal Rules of Civil Procedure, defendant Paragon Systems, Inc. ("defendant") answers the Complaint of plaintiff Mike Stone ("plaintiff"). If an averment is not specifically admitted, it is hereby denied.

### ANSWER TO COMPLAINT

1. Answering Paragraph 1, defendant admits that plaintiff has sued Paragon Systems, Inc, as identified therein, but denies its liability therefore.

2. Answering Paragraphs 3, 4, 7, 8, 12, 13, 15, 17, 18, 19, 21, 22, 23, 24, 25, 26, 28, 29, 31, 33, 34, and 35, defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. Paragraphs 3, 23, 24, 25, 26, further contain legal conclusions and argument as to which no response is required.

3. Answering Paragraph 6, defendant admits it is a security management company providing security for the Department of Homeland Security at the SSA building in Huntington Park, Ca. Except as expressly admitted herein, defendant denies each and every allegation contained therein.

4. Answering Paragraphs 2 and 5, defendant admits the allegations contained therein.

5. Answering Paragraphs 9, 38, 39, 40, 41, 44, 45, 46, 47, 48, 50, 51, 52, 54, 55, 56, 58, 59, 60, 61, 63, 64, 65, 66, 67, 69, 70, 71, and 72, defendant denies the allegations contained therein.

6. Answering Paragraph, 11, defendant admits that venue lies in the Central District, and the amount in controversy exceeds $75,000, and that plaintiff has filed a tort claim. Except as expressly admitted herein, defendant denies each and every allegation contained therein.

7. Answering Paragraphs 14 and 30, defendant admits that plaintiff was asked to leave the Oxnard SSA office. Except as expressly admitted herein, defendant lack sufficient information and belief to enable it to respond, and therefore, denies each and every allegation contained therein.

8. Answering Paragraphs 16 and 32, defendant admits that plaintiff received a letter from the SSA banning plaintiff from entering its offices. Except as expressly admitted herein, defendant denies each and every allegation contained therein.

9. Answering Paragraphs 20, 36, and 43, defendant admits that plaintiff called the Huntington Park SSA office and tried to arrange to enter the office but was told he could not because he was banned, and then called back and made another appointment with someone that did not know the plaintiff was banned, then entered the SSA office, and upon being told multiple times that he was banned and would have to leave, plaintiff refused so a security professional in defendant's employee handcuffed the plaintiff for his, the public's, and the security

professional's protection, until officers of the Federal Protective Service could respond and question plaintiff. Except as expressly admitted herein, defendant denies each and every allegation contained therein.

    10.    Answering Paragraphs 27, 37, 42, 49, 53, 57, 62, and 68, defendant incorporates the respective answer to the paragraphs reference therein.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

    1.    As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

    2.    As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, defendant alleges that the actions taken by defendant were the exercise of reasonable business judgment.

## THIRD AFFIRMATIVE DEFENSE

    3.    As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, defendant alleges that the actions taken by defendant were in full compliance with the law.

## FOURTH AFFIRMATIVE DEFENSE

    4.    As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, defendant alleges that plaintiff is barred

from prosecuting the purported causes of action set forth in the Complaint because plaintiff consented to and acquiesced in the subject conduct.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, defendant alleges that it acted in good faith and entertained an honest, reasonable belief that the actions taken were necessary.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, defendant alleges that plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

Wherefore, defendant prays that:

1. The Complaint be dismissed, with prejudice and in its entirety;
2. The plaintiff take nothing by reason of this Complaint and that judgment be entered against plaintiff and in favor of defendant;
3. The defendant be awarded his attorneys' fees and costs incurred in defending this action;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1      4.    The defendant be granted such other and further relief as the Court may
2  deem just and proper.

3  Dated: November 3, 2015    BRADLEY & GMELICH

By: _____
Barry A. Bradley
Carol A. Humiston

Attorneys for Defendant, PARAGON SYSTEMS, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 North Brand Boulevard, 10th Floor, Glendale, California 91203.

On November 4, 2015, I served true copies of the following document(s) described as **DEFENDANT PARAGON SYSTEM INC,'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Nick Andrea, Esq.
NR Andrea Law Firm
225 South Lake Avenue, Suite 300
Pasadena, CA 91101
Telephone: 213-330-4236
E-Mail: nick@nrandrea.com
*Attorney for Plaintiff, Mike Stone*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 4, 2015, at Glendale, California.

_____
Teresa A. Pagan